(No. 37142.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE REED, Plaintiff in Error.

*Opinion filed March 22, 1963.*

DONALD C. FLYNN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant was tried in the criminal court of Cook County by the court without a jury and found guilty of the crime of armed robbery. A writ of error has issued to review the judgment of conviction.

The sole contention advanced here is that the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt. The victim of the robbery, Oscar Jepsen, a truck driver, testified that he parked in an alley, where he was preparing to make a delivery. He saw an old orange colored car several hundred feet down the alley and saw a man walking toward him. This man got into the truck, stood close to Jepsen, pointed a gun at him and took the money which Jepsen had in his possession, amounting to about $500 to $700 in cash plus a check made out to "Oriental Chop Suey". Jepsen watched the man get into the orange car and drive away. At a subsequent police lineup and again at the trial, Jepsen identified the defendant as the robber. About half an hour later the defendant was arrested while he was illegally parked in a 1954, orange colored car. When he was arrested, he had in his possession about $500 in cash, a check made out to "Oriental Chop Suey" and a black revolver. The check was never introduced in evidence at the trial and a police officer testified that it had been lost.

The above evidence was uncontradicted by any testimony submitted by the defendant. It is obvious that this evidence was sufficient to establish the defendant's guilt. The defendant argues that, for various reasons, this testimony is un-

worthy of belief. The trial judge heard the evidence and observed the witnesses and it was his function to determine the credibility of the witnesses. We shall not disturb his finding.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*