THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MAURICE DUKES *et al.*, Defendants-Appellants.

First District (3rd Division)    Nos. 61335, 61612 cons.

Opinion filed July 22, 1976.

James R. Streicker and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Michael W. Ward, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:
Defendants were jointly indicted on two counts for the armed robberies of Henry Gray and Louis Ballentine on April 15, 1973. After a trial without jury, defendants were found guilty on both counts, and each was sentenced to the Department of Corrections for concurrent terms of four to eight years on each count. Defendants brought separate appeals which have been consolidated for review. The sole contention raised by each defendant is that the identification testimony at trial was so vague, uncertain and doubtful as to be insufficient to establish his guilt beyond a reasonable doubt. We affirm.

The charges stem from the armed robbery of Zot Liquors at 1359 East

Marquette Road, Chicago, on April 15, 1973. At trial, Henry Gray, a part-owner of Zot Liquors, and Louis Ballentine, a store clerk, testified and positively identified defendants as two of three men who participated in the commission of the offense.

Henry Gray testified to the following concerning the offense and the subsequent events which culminated in the arrest of defendants. At approximately 7:30 p.m. on April 15, 1973, after defendant Cole had been loitering inside the store for about five minutes, defendant Dukes entered and ordered a six-pack of beer. When Gray handed him the beer Dukes held a revolver and announced a holdup. A third man, unidentified at trial, then entered the store and went behind the counter where he confronted Louis Ballentine. He removed money from Ballentine's pockets and took a revolver which Gray kept behind the counter. Defendant Cole then jumped over the counter and emptied one of the drawers in the cash register. He was unable to open the second drawer and forced Gray to open it, then removed the contents. The three men were in the store 10 or 15 minutes. After they had left, Gray called the police and he and Ballentine gave descriptions of the offenders. On May 3 and on June 26, Gray saw defendants Cole and Dukes standing outside the store. On each occasion he called the police and described the two defendants, but police searches in the neighborhood were unsuccessful. On June 29, Gray observed defendant Dukes enter the store and make a telephone call. When Gray called the police, Dukes left the store and joined defendant Cole outside; the two got into an automobile being driven by a third man and left the area before the police arrived. After touring the neighborhood with the police for half an hour Gray identified two men walking together as defendants Cole and Dukes. They were arrested and later viewed by Louis Ballentine in a lineup at the station.

Gray testified that he had seen defendants Cole and Dukes in his store three or four times a week over a six-week period prior to the robbery, but never saw them together, nor did he know their names. Louis Ballentine testified that at a police lineup held on June 29 he identified the defendants as two of the three participants in the armed robberies.

Each defendant testified in his own behalf and denied being in the liquor store on April 15. Defendant Dukes further testified that on June 26—when, according to Gray's testimony, he had seen him outside the store—Dukes was incarcerated in the House of Correction for a traffic violation.

The contention of defendants that the identification testimony was vague, uncertain and doubtful is premised upon two basic arguments; first, that the various physical descriptions as to defendants given by Henry Gray and Louis Ballentine were inconsistent; second, that Gray's

direct testimony is in conflict with his prior testimony at the preliminary hearing and before the grand jury as to the description of the revolver allegedly used by defendant Dukes in the offense, and as to whether Gray had identified either of the defendants at the lineup.

■■ ■ It is true that a conviction which rests upon identification testimony which is vague, uncertain, and doubtful cannot be permitted to stand. *(People v. Cullotta* (1965), 32 Ill. 2d 502, 207 N.E.2d 444; *People v. Cook* (1969), 113 Ill. App. 2d 231, 252 N.E.2d 29.) However, minor discrepancies in the testimony of a witness do not necessarily render an identification invalid, but rather, go to the weight to be afforded such testimony by the trier. of fact. *(People v. Bennett* (1973), 9 Ill. App. 3d 1021, 293 N.E.2d 687.) At a bench trial the weight to be afforded a witness' testimony is a decision for the trial court, and its determination on the question is not subject to reversal unless the evidence is so unsatisfactory as to leave a reasonable doubt of the accused's guilt. *People v. Walker* (1975), 26 Ill. App. 3d 955, 326 N.E.2d 63.

■■ In the instant case the trial court was fully informed of the discrepancies between the testimony of the identification witnesses and their prior statements. A review of the record establishes that the inconsistencies were of a minor nature. As stated in *People v. Ervine* (1965), 64 Ill. App. 2d 82, 87-88, 212 N.E.2d 346:

> "But it is contrary to human experience to make an identification by noticing first the separate features, hair, or clothes of a person, and then, somehow, running off a total to determine recognition or non-recognition. Ordinarily all features are viewed at once and the recognition made instantaneously or not at all. This is one of the reasons why minor discrepancies in identification do not require reversal. *People v. Boney*, 28 Ill. 2d 505, 509, 192 N.E.2d 920; *People v. Prochut*, 27 Ill. 2d 298, 300, 189 N.E.2d 290. The essentials were present in the victim's opportunity to observe, and her positive identification, the sufficiency of the recognition being a question of fact for the trial court. *People v. Reed*, 27 Ill. 2d 342, 343, 189 N.E.2d 253; *People v. Washington*, 26 Ill. 2d 207, 210, 186 N.E.2d 259."

In the case before us the trial court chose to credit the identification testimony of Gray and Ballantine. The testimony was of a positive nature and was given by two witnesses who had ample opportunity to observe the defendants. Under such circumstances, precise accuracy of description was unnecessary. *(People v. Miller* (1964), 30 Ill. 2d 110, 195 N.E.2d 694.) We hold that the identification evidence presented was sufficient to establish beyond a reasonable doubt the defendants' participation in the offenses.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.