THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAYMOND PERKINS, Defendant-Appellant.

First District (1st Division)   No. 61882

Opinion filed August 2, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Roger Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Raymond Perkins was found guilty of theft in a bench trial and sentenced to 180 days in the House of Corrections. Perkins appeals contending that: (1) he was not proved guilty beyond a reasonable doubt; (2) it was reversible error for the arresting officer to testify to an out-of-court identification of the defendant where the complaining witness did not testify to that identification; and (3) his sentence was excessive and an abuse of the court's discretion.

Clair Horwitz, a witness for the prosecution, testified that on March 7, 1975, at approximately 6 p.m. she was walking home when she observed two men following her. She then identified the defendant, who was sitting in court, as one of the men. She stated that the defendant started following her at 71st and Oglesby in Chicago. He remained approximately 6 to 10 feet behind her and she looked over her shoulder from time to time at him. Because the defendant had followed her for "quite a while" she tried to enter a store at 7146 South Exchange Avenue. The store was closed, and as she attempted to go elsewhere the defendant confronted her and grabbed her purse. A struggle ensued during which she and the defendant engaged in a pulling match over her purse. She finally let go because her arm began to hurt and the defendant and his companion fled into a nearby gangway. Mrs. Horwitz then ran to a nearby grocery store and obtained the help of two clerks. The clerks ran through the gangway in the direction the defendant and his companion had fled, while Mrs. Horwitz went around the block to where the gangway let out onto Yates Avenue. She saw the defendant coming out of the gangway. She asked where her purse was and he said it was "in the hallway." She later found her purse in the hallway of a building with the contents strewn on the floor. The money she had been carrying in her purse, which she estimated to be about $10 was gone. She testified that it was light out when these events occurred and that approximately ten minutes had elapsed from the time the defendant had started following her until he had taken her purse from her.

Officer Busin of the Chicago Police Department was the next witness for the prosecution. He testified that he had gone to the scene of the incident in response to a radio report of a purse snatching. He obtained a general description of the offender from Mrs. Horwitz and then he and Mrs. Horwitz got in his patrol car and drove around the immediate area. A short distance from the scene Mrs. Horwitz stated to him that she saw the offender standing with a group of boys. They pulled up across the

street and she pointed out the offender again. The person she pointed out was the defendant.

The defense then called Sandra Alley, the defendant's mother, who testified that she had been in the courtroom prior to the trial with her son and heard Mrs. Horwitz ask Officer Busin when her son entered the courtroom whether he was the defendant. The prosecution then recalled Mrs. Horwitz who denied asking any question concerning the defendant's identity. She stated that she guessed she had asked the officer at the time whether that was the defendant's mother. The defendant testified that on the day of the incident he had been playing pool in Hoppy's Barber Shop with some friends for about an hour and a half. He had just stepped outside the barber shop when Officer Busin and Mrs. Horwitz came up. He testified that "she just pointed me out" and "she said, that it was me."

■■ The defendant contends that his guilt was not proven beyond a reasonable doubt because the complaining witness had a limited opportunity to observe her assailant. The defendant asserts that the testimony of his mother that the complaining witness asked the arresting officer in court whether her son was the defendant established a reasonable doubt of the validity of the identification of the defendant as Mrs. Horwitz' assailant. We first note that Mrs. Horwitz had ample opportunity to observe her assailant. She testified that it was light when the incident occurred and her assailant had followed her at close range for about 10 minutes before her purse was taken. During this time she had glanced over her shoulder at him several times. She again had an opportunity to observe her assailant from close range when they struggled over her purse. Finally she again saw her assailant when she confronted him as he was departing the gangway. She then identified the defendant in court as the person who had taken her purse. A positive identification by a single witness who has ample opportunity to observe the offender is sufficient to support a conviction. (*People v. Clarke*, 50 Ill. 2d 104, 277 N.E.2d 866; *People v. Williams*, 25 Ill. App. 3d 604, 323 N.E.2d 499.) The complaining witness denied that she asked the arresting officer if Raymond Perkins was the defendant. Where there is a conflict in testimony between witnesses, it is for the finder of fact to resolve the credibility of those witnesses, and a reviewing court should not substitute its judgment for that of the finder of fact. (*People v. Novotny*, 41 Ill. 2d 401, 244 N.E.2d 182; *People v. Smith*, 20 Ill. App. 3d 756, 314 N.E.2d 543.) The complaining witness' explanation that she had only asked the officer whether the woman with the defendant was the defendant's mother and the possibility that the defendant's own mother might testify in a favorable way toward her son were factors the court, sitting as the trier of

fact, could consider. We are of the opinion that the defendant was proven guilty beyond a reasonable doubt.

■■ Defendant next contends that it was reversible error for the police officer to testify to an out-of-court identification where the complaining witness did not testify to that identification. The defendant characterizes this testimony as hearsay. The State has pointed out that the defendant did not raise an objection when the testimony was solicited. Where a defendant has not objected to hearsay evidence before the trial court, he may not raise the issue on appeal. (*People v. McCorry,* 51 Ill. 2d 343, 282 N.E.2d 425; *People v. Koester,* 31 Ill. App. 3d 28, 332 N.E.2d 755.) We also note that the defendant testified on direct examination that the complaining witness came up to him on the street at the time of the arrest and said "that it was me." On cross-examination, the defendant further corroborated the street identification by stating that Mrs. Horwitz "just pointed me out." There was sufficient evidence, excluding the street identification, to prove the defendant guilty beyond a reasonable doubt. The defendant not only failed to object to the officer's testimony, but corroborated it with his own testimony. We are of the opinion that the officer's testimony does not constitute reversible error.

■■ Finally, defendant contends that his sentence was excessive. He argues that a six-month sentence for theft was excessive considering that he had no prior convictions and was 17 years old. The imposition of a sentence is peculiarly within the discretion of the trial court and unless this discretion is abused, a reviewing court will not interfere with it. (*People v. Schmidt,* 10 Ill. 2d 221, 139 N.E.2d 726; *People v. Williams,* 130 Ill. App. 2d 192, 264 N.E.2d 589.) While the guilty person's age and prior record are factors to consider in the sentencing process, the nature of the crime is also an important factor. (*People v. Griffin,* 8 Ill. App. 3d 1070, 290 N.E.2d 620; *People v. Smith,* 63 Ill. App. 2d 369, 211 N.E.2d 456.) The case defendant cites to support his contention also acknowledges this. (*People v. Jackson,* 3 Ill. App. 3d 574, 277 N.E.2d 900.) Stalking a woman on a public street and forcibly taking her purse involves more serious circumstances than a theft because it raises the possibility of violence and physical harm.The court did not abuse its discretion in imposing a sentence of 180 days.

The judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and SIMON, J., concur.