THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DERRICK BUTLER *et al.*, Defendants-Appellants.

First District (1st Division) No. 61046

Opinion filed August 30, 1976.

James R. Streicker and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

The defendants, Derrick Butler and Phillip Butler, brothers, were found guilty in a bench trial of armed robbery and attempt rape. They

were each sentenced to concurrent terms of 4 to 5 years for armed robbery and 1 to 3 years for attempt rape.

The complainant testified to her ample opportunity to observe the defendants immediately prior to and during the assault. She went to a store at 75th and Essex in Chicago, a block from her home, about 10 p.m. on May 15, 1973. Approaching the store she observed defendants, whom she had never seen before, standing in front of the doorway. She again passed the defendants and observed them as she left the store. While returning to her apartment building, she saw the defendants following her. Defendants caught the complainant in the lighted hallway of her building where she had still another opportunity to see their faces. The defendants, with one of them pointing a gun at her neck, forced the complainant into a gangway alongside the apartment building, and while both defendants were facing her, took her money.

The defendants next forced the complainant across the alley into another apartment building. One of them, according to the complainant's testimony, opened the doorway with a nail file. Then, while Phillip Butler remained downstairs, Derrick Butler took her to the third floor. There were lights on the first floor of the building to which complainant was taken, but the second and third floors were dark. Derrick Butler ordered complainant to take off all her clothes from the waist down. As she was undressing, she told him that she was bleeding from a recent childbirth and was also having her menstrual period. When Derrick Butler satisfied himself that complainant was being truthful, he told her not to tell anyone what happened as he knew who she was and would kill her. Phillip Butler then came upstairs and urged his brother to hurry up and let the complainant go. The defendants left, and the complainant knocked on the door of the first floor apartment, told the occupant what had happened, and used the phone, which the occupant who was afraid to open the door handed to her into the hall, to call the police.

On July 25, 1973, the complainant saw the defendants at a beach in Chicago and recognized them. She found a police officer who after calling for assistance stopped a car in which the defendants and a third person were leaving the beach area, and placed the defendants under arrest. The complainant testified that as they were being placed under arrest one of the defendants said, "I told you that was that broad, man. I told you that is her."

Defendant Phillip Butler testified that his mother and he had figured out that he was baby-sitting for his nieces on the night the complainant was assaulted. Derrick Butler denied ever having seen the complainant prior to the day of his arrest and testified that on the night complainant was assaulted, he was drinking beer in a tavern at 79th and Laflin, about a block from his home until 10 or 11 p.m. Defendants' testimony with

respect to what they were doing at the time the complainant was attacked was not corroborated by other witnesses.

■■ Defendants raise two issues on this appeal. First, they contend that they were not proven guilty beyond a reasonable doubt as their identification by the complaining witness was vague, doubtful and uncertain, that it was uncorroborated and did not take place until more than 2 months after the incident. This issue can be disposed of by reference to the well-established rule that identification by a single witness whose testimony is positive and credible is sufficient to sustain conviction. (*People v. Clarke* (1972), 50 Ill. 2d 104, 277 N.E.2d 866; *People v. Perkins* (1976), 40 Ill. App. 3d 933, 353 N.E.2d 360; *People v. Dukes* (1976), 40 Ill. App. 3d 490, 352 N.E.2d 255; *People v. Jones* (1976), 40 Ill. App. 3d 850, 353 N.E.2d 375; *People v. Henderson* (1976), 36 Ill. App. 3d 355, 365, 344 N.E.2d 239.) The complainant had ample opportunity to observe the defendants both before she was assaulted and while the armed robbery and attempt rape were taking place.

Her identification of the defendants when she encountered them at a beach approximately 2 months later as well as her in-court identification were positive and definite. Her testimony that one of the defendants made a statement upon being stopped by the police which indicated he had recognized complainant adds credibility to her identification, particularly because although defendants and the friend with them at the time of their arrest testified, none of them denied the statement. The certainty of the identification was not impugned by the time interval between the offense and the encounter between the complainant and the defendants at the beach. (See *People v. McGee* (1976), 38 Ill. App. 3d 889, 893, 350 N.E.2d 13; *People v. Price* (1968), 96 Ill. App. 2d 86, 94, 238 N.E.2d 881.) If as a matter of law the passage of time minimized the certainty of an identification, it would be impossible to convict an accused who was not pointed to as the offender within a few days of a crime. This, obviously, would lead the law to foolish results. However, whether the passage of time may have dimmed the recollection of the person making the identification is a circumstance the trier of fact may consider and weigh along with all the other evidence, and there is nothing in the record to suggest that the trial judge did not take this into consideration in arriving at his finding.

Both defendants testified they were someplace else at the time of the assault. Because their testimony was uncorroborated, it carries no more weight than a simple denial. Moreover, Phillip Butler conceded he had no independent recollection of what he was doing at the time of the offense, and that he testified as he did because his mother, who did not testify, figured out that he was baby-sitting that night while she went to the races. Derrick Butler's account of his activities on the night in question was

uncertain and imprecise. The evidence, therefore, established guilt beyond a reasonable doubt.

■■ The second issue raised by defendants is that they were denied a fair trial because the State's answer to their discovery motion omitted the address where the attempt rape took place. The State's discovery answer listed the place of the offense as "at or near 7601 S. Essex, Chicago." Defendants assert they did not learn until trial that a building near 76th and Kingston was involved in the offense. The record indicates that the defendants had a copy of the transcript of the preliminary hearing at which the complainant testified that the attempt rape occurred in a building other than the one in which she lived. In addition, nine pages of police reports were admitted in evidence at the trial by stipulation. These reports are not included in the record on appeal. It is the appellant's duty to provide a complete record on appeal, and the judgment entered by the trial court is entitled to every presumption in favor of its validity when the record is incomplete. (*People v. Zimmerman* (1965), 57 Ill. App. 2d 190, 206 N.E.2d 741.) This court will not assume, therefore, in view of their absence from the record that the police reports which were available to defendants did not contain the information of which they claim they were deprived. On the contrary, any doubt arising from the incompleteness of the record is to be resolved against the appellants.

■■ The State's answer to discovery was accurate when it stated that the offense took place "at or near 7601 S. Essex, Chicago, Ill." The armed robbery took place in a building at 7601 South Essex and the attempt rape took place immediately afterwards in another building just across the alley. The State's answer was adequate in this case, where defendants at the very least knew before trial that the complainant had been taken across the alley to another building before the attempt rape. The defendants never objected to the State's answer to discovery. Nor did they express surprise or ask for a continuance when the second building was mentioned during the trial. Where the purpose of the discovery rules—to prevent surprise and any unfair advantage—has been honored, the defendants may not complain. *People v. Ehn* (1974), 24 Ill. App. 3d 340, 351, 320 N.E.2d 536; *People v. Britt* (1974), 22 Ill. App. 3d 695, 700-01, 318 N.E.2d 138.

Defendants moved for a new trial, but even their motion did not assert that the State's answer to discovery with respect to where the crime took place was inadequate or incomplete. The defendants merely contended that they had found newly discovered evidence concerning the occupancy of the building at 7612 South Kingston Avenue and the type of lock on the doorway at that address. An analysis of the evidence labeled as "newly discovered" confirms the conclusion that the defendants were not prejudiced by the State's answer to the discovery motion. With the

information in their possession, the defendants could have obtained what they refer to as the "newly discovered" evidence before trial. Moreover, the "newly discovered" evidence as described by the motion for new trial and by defendants' counsel at the argument on the motion was not of such conclusive character that it probably would have changed the result on retrial. See *People ex rel. Walker v. Pate* (1973), 53 Ill. 2d 485, 491-92, 292 N.E.2d 387.

It is also to be noted with respect to the so-called "newly discovered" evidence relating to the lock on the doorway that this was not even set forth in defendants' written motion for a new trial. It was, therefore, waived. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

For the reasons set forth above, the judgments are affirmed.

Judgments affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.