THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TERRY TAYLOR, Defendant-Appellant.

Third District   No. 79-107

Opinion filed February 7, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Having pleaded guilty to the offense of armed robbery, the defendant, Terry Taylor, was sentenced to a term of imprisonment of not less than five nor more than 15 years. In this appeal, the defendant challenges only the propriety of the sentence.

The presentence report revealed that the defendant was 17 years old at the time of the offense. The report also disclosed that the defendant had several relatively minor prior convictions for offenses such as violation of curfew, obscene language and disturbing the peace.

At the sentencing hearing the State presented the testimony of John Rattin, one of the witnesses to the offense. Rattin testified that it was the defendant who possessed a loaded cocked revolver during the commission of the offense. According to Rattin, the defendant pointed the gun at the witness and several other persons in the store, and took wallets from four persons in the store, as well as the money from the store's cash register. The total amount of money taken was estimated to be $400.

After hearing the arguments of counsel, the trial court sentenced the defendant. In pronouncing the sentence, the trial court noted the fact that Taylor's brother was already in the penitentiary serving a term of imprisonment of not less than 10 nor more than 20 years for armed robbery.

Thereafter, the defendant filed a motion to vacate the judgment and to withdraw his guilty plea. Following a hearing, this motion was denied. However, on appeal the cause was remanded due to an apparent conflict of interest in the public defender's office which represented the defendant at the hearing.

On remand, a private attorney was appointed to represent the defendant. One of the allegations in the defendant's amended motion to vacate the judgment and to withdraw his guilty plea was that the sentence imposed was "excessive considering the nature of the offense charged; the defendant's age, background and previous record; the pre-sentence [*sic*] investigation report; and the evidence presented and received at the sentencing hearing." This motion was further amended, subsequently, to expand this point. In the amendment to the amended motion, the defendant pointed out that the trial court "considered the whereabouts of defendant's brother, who was then in prison, and that should not have been considered * * * ."

Nevertheless, the trial court once again denied the defendant's motion. In denying the motion, the trial court noted, with respect to the allegation of excessive sentence, the serious nature of the offense, the defendant's problem in school, the fact that the defendant had discontinued attendance at church, the defendant being fired from two jobs, and the defendant's record of prior convictions. The trial court also noted, once again, that the defendant had a brother in the penitentiary.

On appeal, an issue raised by the defendant is whether the trial court erred by considering as an aggravating factor the fact that the defendant's brother was in the penitentiary. The State counters by arguing that the defendant has waived this issue by failing to object to the inclusion of this

material in the presentence report. To support this proposition the State cites *People v. Cook* (1975), 31 Ill. App. 3d 363, 334 N.E.2d 834.

In *Cook*, it was concluded that a defendant waives, for purposes of review, any objection to the material included in a presentence report which was not made in the trial court where the contents of the report were known to the defendant and he had an adequate opportunity to refute any derogatory remarks. However, *Cook* is not a guilty-plea situation.

● ■ ■ In an appeal from a guilty plea, "any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (Ill. Rev. Stat., ch. 110A, par. 604(d).) The logical corollary to the rule is that an issue in the motion to withdraw the guilty plea and vacate the judgment cannot be considered waived. Here, the precise issue now raised was included in the defendant's amendment to the amended motion to vacate the judgment and withdraw his guilty plea. It, therefore, cannot be deemed waived.

■■ The defendant was sentenced pursuant to the law in effect prior to February 1, 1978. Under that law, sentencing was largely a matter of judicial discretion, and a decision on sentencing would not be altered unless a clear abuse of discretion on the part of the trial court was demonstrated. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Included among the factors to be considered when imposing a sentence is certainly the defendant's family situation and background. See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—3—2, as amended by Pub. Act 80-1099, §3, effective February 1, 1978.

No cases have been cited by the defendant which directly support his contention that the trial court's consideration of the imprisonment of the defendant's brother was error. Nor has the defendant cited any cases which directly support his contention in the second issue raised that the defendant's age warrants the imposition of no more than the absolute minimum sentence for armed robbery, *i.e.*, not less than four nor more than 12 years imprisonment.

■■ Age, of course, is a factor to consider when imposing sentence. But the youth of the defendant, alone, may not overcome other, aggravating, factors, such as the nature of the crime. *People v. Richmond* (1979), 70 Ill. App. 3d 803, 388 N.E.2d 1024; *People v. Perkins* (1976), 40 Ill. App. 3d 933, 353 N.E.2d 360.

■■ Since no abuse of discretion on the part of the sentencing judge has been demonstrated, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.