THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ORLANDO EARL DORSEY, Defendant-Appellant.

Fourth District   No. 4—85—0102

Opinion filed September 30, 1985.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Pursuant to a negotiated plea agreement, defendant pleaded guilty in the circuit court of Champaign County to two counts of rape and one count of aggravated battery (Ill. Rev. Stat. 1981, ch. 38, pars. 11–1, 12–4). He was sentenced to concurrent terms of 20 years' imprisonment on each of the rape convictions and 5 years' imprisonment on the aggravated battery conviction.

Defendant appealed his convictions without filing a motion to withdraw his guilty plea as required by Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). However, this court found that defendant was not properly admonished regarding his appellate rights as required by Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)), and we consequently remanded the case to the circuit court to allow defendant to file a motion to withdraw his guilty plea (*People v. Dorsey* (1984), 129 Ill. App. 3d 52, 471 N.E.2d 1053).

Upon remand, defendant filed his motion to withdraw the guilty plea, alleging that the plea was not knowingly and voluntarily entered. However, at the subsequent hearing, counsel for defendant candidly acknowledged that, contrary to the allegations of the motion, the plea was in fact voluntarily entered following complete admonitions of the rights waived by a guilty plea. (87 Ill. 2d R. 402.) Defense counsel admitted that defendant's sole complaint concerned the severity of the sentences imposed.

The record of the original guilty plea proceeding establishes that the plea was entered pursuant to a negotiated agreement between defendant and the State's Attorney. The terms of the agreement were that, in return for the guilty plea, the State would move to dismiss four counts of the indictment against defendant: one count of attempt (rape) and three counts of aggravated battery. The parties agreed that

the State's Attorney would recommend a 20-year term of imprisonment and that defendant would request a more lenient sentence. As defendant concedes, this agreement was carried out to the letter at the guilty plea proceeding.

On appeal, defendant does not contend that the trial court erred in denying his enervated motion to withdraw the guilty plea. Such an argument would be fruitless under the circumstances because a defendant's dissatisfaction with the sentences imposed does not of itself render a guilty plea involuntary. *People v. Willer* (1985), 132 Ill. App. 3d 63, 476 N.E.2d 1385.

Rather, defendant requests this court to hold that compliance with Supreme Court Rule 604(d) is not required where a defendant convicted pursuant to a negotiated plea desires to appeal only his sentences which were not negotiated by the parties or concurred with by the trial court. (See 87 Ill. 2d R. 402(d).) Defendant argues that a convicted person under such circumstances is placed in the "untenable position" of being required to file a motion to withdraw his plea, relief which is not actually desired and may result in the unwanted reinstatement of the original charges, before the trial court or an appellate court can consider the propriety of the sentences imposed.

The State responds that this argument has been made moot by the defendant's filing of a motion to withdraw and its denial by the trial court. Defendant counters that we should consider the argument under the public interest exception to the mootness doctrine and states that this question is one which is likely to recur but which evades review. See *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769.

■■ One criterion used in determining whether to address an issue pursuant to the public interest exception is the desirability of an authoritative determination for the future guidance of those confronted with the question. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769.) In the instant case, the question has already been decided by our supreme court in *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254. In *Stacey*, the court stated that a defendant entering a negotiated plea agreement implicitly agrees that any sentence imposed is fair and justified under the circumstances of the case. The court found that the rule requiring a motion to withdraw the plea prior to appeal applies with equal force whether or not the sentence is part of the negotiated agreement. See also *People v. Young* (1977), 56 Ill. App. 3d 106, 371 N.E.2d 646.

Thus, even if we were to overlook the mootness of defendant's argument, we would be required to decline defendant's invitation to

overrule the decision in *Stacey*; the rule announced therein cannot be modified by an intermediate appellate court.

■ Defendant also argues that the sentences imposed were excessive under the circumstances. The State responds that defendant has waived any argument relating to the propriety of his sentences citing the following language from *Stacey*:

"To allow the defendant to appeal by attacking only the sentence would make for the unwholesome situation of the accused, through negotiation with the State, obtaining modification or dismissal of the more serious charges, entering a plea of guilty, and then attacking not his admission of the crime but only the sentence imposed." 68 Ill. 2d 261, 266-67, 369 N.E.2d 1254, 1257.

However, this statement was made in the context of holding compliance with Supreme Court Rule 604(d) a condition precedent to review of the sentences imposed. We do not read *Stacey* as holding that a defendant who pleads guilty thereby automatically waives all issues concerning his sentences, where the defendant does file a motion pursuant to Rule 604(d) and includes an issue relating to the severity of his sentences. See *People v. Pettis* (1983), 111 Ill. App. 3d 381, 444 N.E.2d 274; *People v. Taylor* (1980), 80 Ill. App. 3d 1109, 400 N.E.2d 1007.

■ As noted, the only agreement concerning defendant's sentence was that the State would seek a 20-year term of imprisonment while defendant would request a more lenient sentence. The concurrent 20-year sentences imposed are within the statutory range for rape and are in fact substantially less severe than the 30-year maximum sentence. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a).

Defendant nevertheless claims that the trial court abused its discretion given the fact that he was only 14 years old at the time he committed the instant crimes, and the fact that defendant did not instigate the crimes, but merely followed the lead of a codefendant.

From the record of the sentencing hearing it is obvious that the court considered the youth of defendant in imposing the sentences. However, the youth of the defendant standing alone may not overcome other aggravating factors. (*People v. Richmond* (1979), 70 Ill. App. 3d 803, 388 N.E.2d 1024.) The trial court here considered factors in aggravation and mitigation (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.2, 1005—5—3.1), including the fact that defendant had a history of prior delinquency.

The trial court also had the benefit of the presentence investigation report, which reflected the serious emotional consequences of

defendant's acts upon the rape victims. The court further expressly considered the fact that defendant's criminal conduct was induced by a codefendant. However, the 15-year-old codefendant received a sentence of 30 years' imprisonment, and thus the sentences as between the defendants are not disproportionate under the circumstances.

We cannot say, based upon a review of the record, that the trial court abused its discretion and the sentences are therefore affirmed. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Affirmed.

TRAPP and MORTHLAND, JJ., concur.