THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MALCOLM CRENSHAW, Defendant-Appellant.

First District (6th Division)   No. 1—88—1802

Opinion filed August 24, 1990.

Randolph N. Stone, Public Defender, of Chicago (Mark Floyd Pasterski and James Reddy, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Sharon Jefferson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant was convicted of possession of a controlled substance with intent to deliver in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)). He was then sentenced to a term of six years. The issues presented on appeal are: (1) whether the trial court erred in refusing to instruct the jury on the lesser included offense of possession of a controlled substance; (2) whether the evidence was sufficient to convict defendant of possession of a controlled substance with intent to deliver beyond a reasonable doubt; and (3) whether defendant established a *prima facie* case that the State's use of peremptory challenges was discriminatory.

Defendant was driving near the vicinity of 71st Street and Halsted Avenue in Chicago at 1:30 in the morning on February 14, 1987. He stopped at the intersection, and a man entered his vehicle. When the traffic light at the intersection turned green, several cars which were behind defendant began to sound their horns. Defendant turned left and began to drive down 71st Street when two police officers who were on routine patrol directed him to pull his vehicle to the side of the curb and stop. Defendant then exited his vehicle and started walking toward the patrol car. Both officers testified at the trial that they saw defendant remove a packet of white powder from

his jacket pocket and throw it to the ground. The packet was retrieved, and defendant was placed under arrest. He was then placed in the patrol car while the officers searched his vehicle. As a result of the search, a loaded revolver was found under the seat of the driver's side of the vehicle. Defendant was then searched, and an undisclosed amount of currency was found in one of his pockets. The passenger in defendant's vehicle was also searched, but he was not arrested. Defendant was charged with possession of a controlled substance with intent to deliver and unlawful use of a firearm by a felon. During the selection of jurors, the State used peremptory challenges to exclude four black women from the jury. Defendant moved that the venire be stricken, but the court denied defendant's motion.

Following the trial, the parties stipulated that the packet discarded by defendant contained 11.2 grams of cocaine which was divided into 22 smaller packets. During the jury instruction conference, defendant's request for an instruction on the lesser included offense of possession of a controlled substance was denied. The jury found defendant guilty of possession of a controlled substance with intent to deliver but acquitted him on the unlawful use of a firearm charge.

■■ Defendant first contends that the trial court erred in refusing to instruct the jury on the offense of possession of a controlled substance because the evidence could have supported a verdict on the lesser offense. A trial court's refusal to give an instruction defining the lesser included offense of possession of a controlled substance is not error where the evidence only concerns delivery or intent to deliver, and the jury would only be justified in issuing a verdict of guilty or not guilty on the greater offense. However, if the evidence in the record could support a verdict on the lesser offense, an instruction defining this offense should be given. *People v. Fonville* (1987), 158 Ill. App. 3d 676, 685, 511 N.E.2d 1255; *People v. Mitchell* (1984), 129 Ill. App. 3d 189, 199, 472 N.E.2d 114; *People v. Dunn* (1977), 49 Ill. App. 3d 1002, 1010, 365 N.E.2d 164.

■■ In this case, the evidence presented by the State was the officer's testimony that a male passenger entered defendant's vehicle shortly before they directed him to stop, and that defendant discarded a packet containing a white substance when he exited his vehicle. The State presented additional evidence that the content of the packet was determined to be 11.2 grams of cocaine which was divided into 22 smaller packets. Although defendant, his passenger and the vehicle were searched, the only other items retrieved were a loaded revolver located under the driver's seat and an unidentified amount of money in defendant's possession. The ownership of the weapon as well as the

vehicle were also unknown.

The State argues that the trial court's refusal to give an instruction on the lesser offense was proper because the evidence was sufficient to convict defendant of the greater offense of possession with intent to deliver. However, even if there was evidence of intent to deliver, the controlling issue is whether the evidence could have also supported a verdict on the lesser included offense. (*Mitchell*, 129 Ill. App. 3d at 199.) The State cites three cases in support of its argument, and while we agree with the holding in these cases, they contain fact patterns where the amount of the controlled substance was much greater than the amount in the instant case, or the sale and/or delivery of the controlled substance was directly observed by the police. (See *People v. Zipprich* (1986), 141 Ill. App. 3d 123, 490 N.E.2d 8; *People v. Knight* (1985), 133 Ill. App. 3d 248, 478 N.E.2d 1082; *People v. Hunter* (1984), 124 Ill. App. 3d 516, 464 N.E.2d 659.) None of these cases hold that 11.2 grams of cocaine are greater than an amount intended for personal use, and there was no direct evidence of any sale or delivery of the controlled substance in defendant's possession.

We also do not find that the presence of a loaded weapon in the vehicle or the division of the cocaine into 22 smaller packets was conclusive evidence of an intended delivery. The ownership of the weapon and the vehicle was never established, and the jury acquitted defendant of the unlawful use of a weapon charge. In addition, the division of 11.2 grams of cocaine into 22 packets could just as well have been the form in which the substance was purchased by defendant rather than the form in which it was to be sold.

For the reasons set forth above, we conclude that the evidence would have supported a verdict for the lesser offense. Therefore, it was improper for the trial court to refuse defendant's request for an instruction to the jury on the lesser offense of possession of a controlled substance.

■ Defendant also contends that the evidence was not sufficient to support his conviction for possession of a controlled substance with intent to deliver, and that his conviction should be reduced to the lesser included offense. When an appellate court reviews the sufficiency of evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Young* (1989), 128 Ill. 2d 1, 49, 538 N.E.2d 461, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2788-89.

■ The State argues that, although the intent to deliver is not always subject to direct proof, an inference of intent to deliver is permitted based on the existence of other factors. The State claims that the factors supporting an inference of intent to deliver in this case were defendant's possession of 11.2 grams of cocaine, which was allegedly an amount greater than that intended for personal use, and the division of the cocaine into 22 smaller packets. Although the State cites *Knight* (133 Ill. App. 3d 248) and *People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428, in support of its argument, the controlled substances confiscated in *Knight* were 103 grams of cocaine, 364 grams of cannabis and 638 grams of PCP, and in *Schaefer* the controlled substances confiscated were 21.9 grams of cocaine and 578.8 of cannabis. (*Knight*, 133 Ill. App. 3d at 252; *Schaefer*, 133 Ill. App. 3d at 702.) In the instant case, the police found less than a half of an ounce of cocaine in defendant's possession. Furthermore, the defendant in *Knight* and *Schaefer* were found with scales and other drug paraphernalia in their possession, unlike defendant in this case who only had possession of the controlled substance. Thus, we conclude that the State's argument that 11.2 grams of cocaine were more than a person would have for personal use is without merit and unsupported by the authorities cited, particularly where there were no other items in defendant's possession that could support an inference of intent to deliver.

Contrary to the State's argument, the division of the 11.2 grams of cocaine into 22 smaller packets was also insufficient to support an inference of intent to deliver. There was no evidence that defendant had placed the substance in the packets, and the packets could have been the form in which the substance was purchased by defendant rather than the form in which it was to be sold. Additional factors such as the passenger in the vehicle with defendant, the weapon under the driver's seat and the currency in defendant's possession were also not sufficient evidence to support an inference of intent to deliver. Although the police saw the passenger enter defendant's vehicle, they observed no transaction between them during the time he was in the vehicle with defendant that would be indicative of a drug delivery or sale. In addition, the police found no contraband when they searched the passenger. The currency in defendant's possession was of no significance because the amount was never determined. Lastly, the weapon found in the vehicle could not serve as evidence of intent to deliver for several reasons. The ownership of the weapon and the vehicle in which it was found was unknown, and the jury acquitted defendant on the unlawful use of a weapon charge.

Because there was no direct evidence of delivery, and the evidence was not sufficient to support an inference of intent to deliver, we conclude that there was reasonable doubt that defendant was guilty of possession of a controlled substance with intent to deliver.

Accordingly, defendant's conviction for the greater offense is reversed. Pursuant to Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)), defendant's conviction is reduced to the lesser included offense of possession of a controlled substance, and the cause is remanded for a new sentencing hearing. Based on our conclusions regarding this issue, we omit discussion of defendant's third issue.

Judgment reversed and remanded.

LAPORTA, P.J., and EGAN, J., concur.