THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL PARICH, Defendant-Appellant.

Second District   No. 2—92—0948

Opinion filed February 1, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

Defendant, Michael Parich, appeals his conviction of the unlawful possession of more than 1 gram but less than 15 grams of a substance containing cocaine with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56$^{1}$/$_{2}$, par. 1401(c)(2) (now codified, as amended, at 720 ILCS 570/ 401(c)(2) (West 1992))). The court sentenced defendant to four years' imprisonment and fined him $240. Defendant raises the following issues on appeal: whether the State presented sufficient independent evidence to corroborate his confession; whether he is entitled to an additional day's credit against his sentence for time he spent in custody; and whether he is entitled to credit toward his fine.

We will summarize only those facts relevant to the disposition of the issues raised in this appeal. At the bench trial, the State's evidence showed that defendant was in a bar when a police officer came in to do a "bar check." Because defendant looked underage, the officer asked defendant for some identification. Defendant said he did not have any with him, but he told the officer to run a check on his name. Defendant gave the officer someone else's name, and a check on that name revealed an outstanding arrest warrant. Defendant was then taken into custody. A search of defendant's person yielded a baggie from defendant's left front pants pocket. The baggie contained seven small baggies of cocaine. In defendant's right front pocket was a rolled-up dollar bill with a white powdery residue on it. The police also found, in defendant's back pocket, a crumpled $5 bill and a small baggie of cocaine which had been opened. According to a stipulation in the record, the cocaine weighed 3.15 grams, although it is not clear whether that was the weight of only the cocaine from the seven baggies in defendant's front pocket or whether that included the cocaine from his back pocket.

Defendant admitted to the police officers that he bought "an eight-ball" of cocaine earlier that night, that he had divided it into six baggies, each containing one-half gram, and that he took those baggies, and two other baggies from a previous purchase, to the bar. Defendant intended to sell them for $40 a bag. Defendant also admitted to the officers that he sold one bag before he was arrested.

Defendant moved for a directed finding, arguing that the State failed to establish the *corpus delicti* of the offense apart from the confession because the evidence did not show an intent to deliver. The court denied the motion based on the way the cocaine was packaged. The court found that the individual packaging raised an inference of an intent to deliver. Defendant presented no evidence, and the court found defendant guilty of the offense. Defendant filed a motion for a new trial which raised the issue of the corroboration of the confession. The court denied the motion, and defendant timely appealed.

■ Defendant first contends that he was not proved guilty beyond a reasonable doubt because the only evidence of an intent to deliver was defendant's uncorroborated confession that he intended to sell the cocaine. We will not reverse a conviction on the basis of insufficient evidence unless, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find the elements of the offense beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261.) For the State to convict a defendant of possession of drugs with the intent to deliver, the State must prove that the defendant had knowledge of the presence of drugs, the drugs were in his immediate possession or control, and the defendant intended to deliver the drugs. (*People v. Pintos* (1989), 133 Ill. 2d 286, 291-92.) Only the last element is at issue here.

The proof of the *corpus delicti* of the offense may not be based exclusively on a defendant's confession. (*People v. Strickland* (1992), 154 Ill. 2d 489, 522.) "[T]he prosecution must present evidence *aliunde* the defendant's confession that tends to show the commission of the offense and is corroborative of the circumstances related in the statement." (*People v. Furby* (1990), 138 Ill. 2d 434, 446.) The corroborating evidence need not independently establish the offense beyond a reasonable doubt (*People v. Howard* (1991), 147 Ill. 2d 103, 128), and whether the State presented sufficient independent proof is determined by the particular circumstances of the case (*Furby*, 138 Ill. 2d at 450). If the independent evidence tends to show the commission of the offense, then that evidence may be considered along with the confession in establishing the *corpus delicti. People v. Willingham* (1982), 89 Ill. 2d 352, 361.

Defendant asserts that the independent evidence of the intent to deliver was insufficient. The independent evidence consisted of 3.15 grams of cocaine packaged in seven or eight baggies. The trial court found that the individual packaging raised an inference of an intent to deliver. Defendant relies on *People v. Crenshaw* (1990), 202 Ill. App. 3d 432, for the proposition that the mere packaging of a drug does not indicate an intent to deliver. In *Crenshaw*, the defendant was found with 11.2 grams of cocaine which were divided into 22 packets. The appellate court found that this evidence was insufficient to support, beyond a reasonable doubt, an inference of the intent to deliver. *Crenshaw*, 202 Ill. App. 3d at 436-37.

Defendant's reliance on *Crenshaw* is misplaced because the court there was concerned with whether the evidence established the offense beyond a reasonable doubt, not with whether there was sufficient independent evidence to corroborate a confession. As noted above, the corroborating evidence need not establish the offense beyond a reasonable doubt. (*Howard*, 147 Ill. 2d at 128.) Thus, it is immaterial here whether the evidence of individual packaging was sufficient, by itself, to prove beyond a reasonable doubt that defendant intended to sell the cocaine he possessed.

The intent to deliver is generally proved by circumstantial evidence. (*People v. Berry* (1990), 198 Ill. App. 3d 24, 28.) Although the inference of the intent to deliver is most frequently raised by an amount of drugs in excess of what is reasonable for personal use, other factors may also raise the inference. (*People v. Pavone* (1993), 241 Ill. App. 3d 1001, 1005.) This includes how the drugs are packaged. (*People v. Jones* (1991), 215 Ill. App. 3d 652, 655-56.) The packaging of the cocaine into seven separate baggies raises an inference of an intent to deliver, which tends to show the occurrence of possession of cocaine with the intent to deliver.

We must now consider whether the independent evidence, including the individual packaging, adequately corroborates defendant's confession. The police found seven baggies of cocaine in defendant's front pocket and one baggie in his back pocket, and the cocaine weighed 3.15 grams. This corroborates defendant's confession that he purchased an "eight-ball" and divided it into seven baggies, he took those baggies, along with two others, to the bar, and he sold one of the baggies. We conclude that the independent evidence sufficiently corroborates the confession, so that it may be considered together with the confession to establish the *corpus delicti* of the offense. As this evidence overwhelmingly establishes that defendant possessed the cocaine with the intent to deliver, we affirm defendant's conviction.

■ Defendant next contends that he is entitled to an additional day's credit against his sentence of imprisonment for the time he spent in custody prior to sentencing. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b) (now 730 ILCS 5/5—8—7(b) (West 1992)).) Defendant was arrested on February 29, 1992, and he did not post bond. He was found guilty of the offense on July 24, 1992, and was sentenced on August 7, 1992. The court granted defendant 160 days' credit against his sentence, but defendant actually spent 161 days in the county jail before he was sentenced. The State concedes error. We agree with defendant that the record reflects that he is entitled to an additional day's credit. See *People v. Curtis* (1992), 233 Ill. App. 3d 416, 419-20.

■ Finally, defendant contends that he is entitled to credit towards his fine for the 161 days he spent in custody prior to sentencing. (See Ill. Rev. Stat. 1991, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992)); *People v. Hare* (1988), 119 Ill. 2d 441, 452.) The State concedes that defendant is entitled to a $5-per-day credit against the $240 fine. Since defendant's fine would be cancelled by 48 days of incarceration, we need not consider whether defendant would be entitled to credit for the time spent in custody between the date of trial and the date of sentencing. We conclude that defendant is entitled to credit against the entire amount of the fine.

The judgment of the circuit court is affirmed as modified, and the cause is remanded with directions that an additional day's credit be given against defendant's sentence and that credit be given against the fine.

Affirmed as modified and remanded.

WOODWARD and BOWMAN, JJ., concur.