THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOUIS JORDAN, Defendant-Appellant.

Third District   No. 3—90—0503

Opinion filed March 8, 1991.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Louis Jordan, appeals his five-year sentence for forgery (Ill. Rev. Stat. 1989, ch. 38, par. 17—3(a)(2)).

The record shows that the defendant was initially charged with one count each of forgery and theft. In return for the defendant's guilty plea to the forgery count, the State agreed to dismiss the theft count and to a five-year limit on the forgery sentence.

According to the factual basis for the plea, the defendant worked with Floyd Kaiser at a Rock Island mission in the summer of 1989. Without Kaiser's permission or knowledge, the defendant obtained an American Express card in Kaiser's name. On October 14, 1989, he used the card without Kaiser's permission to rent a car from a Moline rental agency, signing Kaiser's name on the charge slip. After the defendant was arrested in Nevada and returned to Illinois, he confessed to the crime.

At the sentencing hearing, 65-year-old Floyd Kaiser testified that the defendant obtained a credit card in his name and made numerous charges with it. Kaiser contacted American Express and told them he had not made the purchases. Someone also apparently obtained a telephone calling card in his name and used it to make approximately $300 in calls. As a result, Kaiser had difficulty obtaining telephone service when he moved into a high-rise for the elderly.

Following the close of testimony, the trial court found that one aggravating factor was that the crime had been committed against a person 60 years of age or older. The court then imposed a five-year term of imprisonment.

The defendant later wrote a letter to the trial court complaining about his attorney, Vincent Lopez, Jr. In the letter, he made the following allegations: Lopez had failed to call Eleanor Morales, who would have testified that all of the fraudulent purchases were made to ease her family's poverty; Lopez did not show the defendant the presentence report prior to sentencing; and that when the defendant called Lopez's office, he was told that Lopez was in trial, but that he could speak with Lopez before the sentencing hearing.

The trial court did not grant the defendant a new attorney. Lopez subsequently filed a motion to reconsider the defendant's sentence. Following a hearing, the court denied the motion.

On appeal, the defendant first argues that the trial court erred in considering as an aggravating factor that the crime was committed against a person 60 years of age or older, because the only victim of the crime was American Express.

■■ ■ The Unified Code of Corrections authorizes the trial court to consider as an aggravating factor that the victim was 60 years of age or older. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(8).) At the sentencing hearing, Kaiser testified that the defendant had made numerous charges on an American Express card obtained in Kaiser's name. As a result, Kaiser had to notify American Express that he had not made the purchases. The crime may also have contributed to his problems in obtaining telephone service. Based on the defendant's ap-

propriation of Kaiser's identity and the resulting difficulties it caused him, we find that the trial court could properly consider Kaiser to be a victim of the offense.

■ The defendant next argues that Lopez should have filed a Rule 604(d) (134 Ill. 2d R. 604(d)) certificate along with his motion to reconsider the sentence. He notes that Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) states that when defense counsel files a motion to withdraw a guilty plea, he must also file a certificate stating that he has examined the record and consulted with the defendant to determine his contentions of error. Although the rule does not refer to a motion to reconsider the sentence, the defendant contends that such a motion is so similar to a motion to withdraw a guilty plea that it should be accompanied by a Rule 604(d) certificate.

■■ ■ We disagree. A motion to reconsider a sentence is fundamentally different from a motion to withdraw a guilty plea. The former seeks review of the sentence imposed, while the latter raises issues relating to the validity of the guilty plea. (See *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) Since the motions are different and Rule 604 imposes no certificate requirement on a motion to reconsider the sentence, we find that counsel did not err in failing to file a certificate.

The defendant lastly argues that the trial court should have appointed new counsel for him following his sentencing hearing. He bases his argument on his letter to the trial court, in which he alleged that his counsel failed to call Eleanor Morales, failed to show him the presentence report, and failed to return his phone calls.

■ A defendant's allegation of ineffective assistance does not automatically require the appointment of new counsel. (*People v. Taylor* (1986), 146 Ill. App. 3d 45, 496 N.E.2d 263.) Instead, the court should consider the factual matters raised by the defendant to determine whether counsel neglected the case. (*People v. Horton* (1990), 193 Ill. App. 3d 695, 549 N.E.2d 1370.) If there is a reasonable probability that defense counsel's neglect affected the outcome, then the trial court should make further inquiry into the matter. *Horton*, 193 Ill. App. 3d at 706, 549 N.E.2d at 1378.

■ The record fails to support the defendant's allegations that his counsel neglected his case. The defendant alleged that Eleanor Morales would have testified that the purchases were made solely to ease her family's poverty. However, according to a list appended to the presentence report, some of the purchases were made in the following businesses: Holiday Inn, Musicland, Co-op Tapes and Records, Tape World, Tobacco Bowl, Avis Rent-A-Car, and the fragrance de-

partment of J.C. Penney. Since those purchases cast doubt on the defendant's claim, defense counsel could have reasonably concluded as a matter of trial strategy that Morales' testimony would not have helped the case.

Although the defendant also alleged that he did not see the presentence report prior to sentencing, he mentions no errors or omissions in it. Consequently, he has not established any prejudice from his failure to review the report.

Lastly, the defendant alleged that when he called Lopez's office, he was told that Lopez was unavailable but that he could speak with him before the sentencing hearing. The defendant does not contend that he did not eventually speak with Lopez, nor does he show how the lack of telephone consultations prejudiced his case. Accordingly, we find that the court did not err in declining to appoint new counsel for the defendant.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.