(No. 70005.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN J. WALLACE, Appellant.

*Opinion filed March 28, 1991.*

CALVO, J., took no part.

Daniel M. Kirwan, Deputy Defender, and Janet Gandy Fowler, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Kathryn M. Frost, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The issue presented in this case is whether a defendant who enters a plea of guilty and objects only to the sentence imposed must file a written motion to reconsider prior to filing a notice of appeal. We conclude that the filing of a motion to reconsider a sentence is a prerequisite to an appeal from that sentence.

Defendant, John Wallace, pleaded guilty to charges of armed robbery, attempted murder and intimidation and was subsequently sentenced.. Defendant did not file a written motion to withdraw his guilty plea or a motion to reconsider his sentence. Instead, he filed a notice of appeal, seeking review of his sentence only. The Appellate Court, Fifth District, citing *People v. Wilk* (1988),

124 Ill. 2d 93, dismissed defendant's appeal for failure to file a motion to reconsider. We affirm.

Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) outlines the procedure for an appeal by a defendant from a judgment entered upon a plea of guilty. The rule directs a defendant to file a motion to withdraw his plea of guilty and vacate the judgment before an appeal will be taken. Rule 604(d) was effectively broadened by this court's decision in *Wilk*, which stated, in essence, that if the defendant is complaining only about his sentence, it is sufficient that he file a motion attacking only the sentence prior to appeal. The court stated that a motion to reconsider the sentence gives the trial court the necessary opportunity to review the appropriateness of the sentence imposed and correct any errors made. It is not necessary that a defendant ask for leave to withdraw the guilty plea itself. *Wilk*, 124 Ill. 2d at 110.

For the foregoing reasons, we affirm the appellate court's dismissal of defendant's appeal.

*Affirmed.*

JUSTICE CALVO took no part in the consideration or decision of this case.