THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KARL DICKERSON, Defendant-Appellant.

Fourth District   No. 4—90—0798

Opinion filed July 11, 1991.

Daniel D. Yuhas and John Anthony Palombi, of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On January 9, 1990, the defendant entered guilty pleas pursuant to a negotiated plea agreement. He pleaded guilty to and was convicted of attempt (first-degree murder) (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4, 9—1(a)), home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11), and aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a)). The Sangamon County circuit court imposed the sentences proposed by the plea agreement: 12-year sentences for both attempt and home invasion, and a 3-year sentence for aggravated battery to run concurrent to the two 12-year sentences. Defendant later sought a sentence reduction. The trial court denied his request. On appeal, defendant asserts he was denied equal protection of the law. We disagree and affirm.

On January 20, 1989, the defendant filed a *pro se* motion for reduction of the sentences imposed for attempt and home invasion. The affidavit accompanying the petition stated:

"1. That Petitioner is not now nor has he ever been a member of a street gang, criminal organization, or on-going criminal enterprise.

2. That certain of the evidences [*sic*] used and certain of the witnesses utilized were of a questionable nature.

3. That the Petitioner suffered under the Insufficiency of Counsel.

4. That there exists [*sic*] other extenuating circumstances that this Honorable Court is doubtlessly aware of and which should be taken into account when considering the attached Motion for Reduction of Sentence."

The court appointed counsel to represent the defendant. At a hearing on a motion to continue, held March 21, 1990, counsel indi-

cated he had read defendant's motion. "[T]he question of incompetency of counsel would only in my opinion go to his conviction and would go to his possible setting aside of a plea, but he has not requested that ***." Counsel then stated the grounds for reduction of the sentence listed in the petition were not appropriate for sentence reduction. At the hearing on the motion, held November 16, 1990, counsel presented no evidence and stated the points defendant raised in his petition were irrelevant to the proceedings. Instead, counsel sought reduction of the sentences based on defendant's expressed willingness to cooperate with the State and testify at a murder trial tentatively scheduled for February or March 1991.

The State's Attorney told the court defendant had not been promised favorable recommendations regarding sentence reduction in exchange for his testimony at the murder trial. After reviewing the admonishments given by the court when the plea was entered and the sentences imposed, the trial court denied defendant's motion. "[T]he Defendant knowingly and voluntarily waived his rights and entered the pleas involved in these two cases and *** the sentence imposed was a negotiated plea and accepted by the Defendant at the time of the plea."

■ On appeal, the defendant contends he was denied equal protection of the law. Defendant supports his contention by comparing his plight with someone who seeks to withdraw a plea of guilty. Defendant challenged only his sentence, so counsel was not required to certify to the trial court he reviewed the trial court file, consulted with his client, and made any necessary amendment to defendant's *pro se* motion. Had the defendant sought to withdraw his plea, counsel would have been required to *certify* he performed the listed tasks. The supreme court rule at issue states, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** [I]f the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (134 Ill. 2d R. 604(d).)

The supreme court held, in *People v. Wallace* (1991), 143 Ill. 2d 59, 60, 570 N.E.2d 334, 335, "the filing of a motion to reconsider a sentence is a prerequisite to an appeal from that sentence." The defendant need not petition to withdraw the guilty plea itself when challenging only the sentence. *Wallace*, 143 Ill. 2d at 61, 570 N.E.2d at 335.

According to the defendant's argument, if a defendant asserts ineffective assistance of counsel at the sentencing hearing, the only means of guaranteeing an attorney will review this claim is to move to withdraw the guilty plea. Defendant argues:

> "Without the requirement of a certificate being filed by the attorney, there is no assurance that the attorney reviewed the record or even discussed the matter with his client. Because defendants who plead guilty and wish only to challenge their sentence are being denied a benefit given to others who plead guilty, Supreme Court Rule 604(d) violates the equal protection clause of the United States Constitution."

The State argues the defendant has waived the equal protection argument. "The defendant made no objection to the procedures followed or to the actions taken by his attorney on the motion to reduce sentence. By failing to object to the alleged constitutional violation in the trial court, the defendant is barred from raising this claim for the first time on appeal." Although the issue may be waived, we elect to address it. On the merits, the State argues defendant failed to meet his burden of proving a denial of equal protection. *People v. Bales* (1985), 108 Ill. 2d 182, 192-93, 483 N.E.2d 517, 522.

The equal protection clause requires like treatment of persons similarly situated. (*City of Cleburne v. Cleburne Living Center, Inc.* (1985), 473 U.S. 432, 439, 87 L. Ed. 2d 313, 320, 105 S. Ct. 3249, 3254.) States must govern impartially, and "may not draw distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective." (*Lehr v. Robertson* (1983), 463 U.S. 248, 265, 77 L. Ed. 2d 614, 629, 103 S. Ct. 2985, 2995.) "When a state distributes benefits unequally, the distinctions it makes are subject to scrutiny under the Equal Protection Clause of the Fourteenth Amendment. Generally, a law will survive that scrutiny if the distinction it makes rationally furthers a legitimate state purpose." *Zobel v. Williams* (1982), 457 U.S. 55, 60, 72 L. Ed. 2d 672, 677-78, 102 S. Ct. 2309, 2312-13.

Defendant failed to meet his burden of proving a denial of equal protection. A defendant withdrawing a guilty plea and a defendant seeking a sentence reduction are not similarly situated. Supreme Court Rule 604(d) requires the court to appoint counsel for a defend-

ant who seeks to withdraw a guilty plea, if indigent. A transcript must be provided and a hearing held. (134 Ill. 2d R. 604(d).) The rule is silent regarding challenges to sentences following either a guilty plea or a trial.

Supreme Court Rule 605(b)(4) states if the motion to withdraw the guilty plea is granted, "any charges that may have been dismissed as a [part] of a plea agreement will be reinstated and will also be set for trial." (134 Ill. 2d R. 605(b)(4).) The potential consequences of withdrawing a guilty plea are far greater than in challenging a sentence. A defendant who successfully seeks to withdraw a guilty plea may sacrifice the sentencing leniency of the trial court. "A trial court is allowed discretionary leniency in the sentencing of a defendant who assumes responsibility for his conduct by pleading guilty." (*People v. Sanchez* (1989), 189 Ill. App. 3d 1011, 1018, 546 N.E.2d 268, 273.) For these reasons, the State could rationally choose to treat such defendants differently by requiring a certificate of compliance by the attorney representing the defendant at a hearing on the motion to withdraw the plea.

■ In summary, the defendant cannot show a violation of the equal protection clause because he was not similarly situated with defendants seeking to withdraw guilty pleas pursuant to Supreme Court Rule 604(d). Further, lack of a certificate of compliance did not prejudice or harm the defendant in this case as the record indicates counsel both reviewed the transcript of the proceeding wherein defendant entered his guilty plea and discussed the case with the defendant.

The judgment of the Sangamon County circuit court is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.