THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAYSON CHRISTY, Defendant-Appellant.

Fourth District   No. 4—91—0218

Opinion filed October 31, 1991.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and Peter C. Drummond, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On December 5, 1990, defendant Jayson Christy entered a plea of guilty to four charges of burglary. (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a).) On February 6, 1991, defendant was sentenced to three concurrent terms of three years for three of the charges of burglary and one consecutive sentence of seven years for the remaining charge of burglary. Subsequently, defendant filed a motion to modify the seven-year consecutive sentence. At the time of filing the motion to modify, defense counsel did not file a certificate pursuant to Illinois Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)), stating that counsel consulted with defendant and examined the trial court file prior to filing a motion to reconsider the sentence. The sole issue on appeal relates to whether a Rule 604(d) certificate is necessary when filing a motion to reconsider a sentence. Defendant

contends the Rule 604(d) certificate was necessary, asks this court to vacate the trial court's March 19, 1991, order denying the motion to modify, and requests that this cause be remanded to the trial court for further proceedings.

Our court in *People v. Dickerson* (1991), 216 Ill. App. 3d 561, 575 N.E.2d 935, specifically noted that counsel need not comply with Rule 604(d) when challenging only defendant's sentence. In *People v. Wallace* (1991), 143 Ill. 2d 59, 60-61, 570 N.E.2d 334, 335, our supreme court concluded that a motion to reconsider a sentence was a prerequisite to an appeal relating to that sentence, and that a motion to withdraw a guilty plea was not necessary. In *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the defendants filed motions to reconsider their sentences prior to appealing, but neither filed a Rule 604(d) motion. The appellate court dismissed the defendants' appeals for failure to comply with the requirements of Rule 604(d), that a motion to withdraw a guilty plea be filed before taking an appeal. The supreme court held that it was not necessary for them to file a Rule 604(d) motion because they were not appealing their guilty pleas. The cases were remanded to the appellate court for review of the sentences. If a certificate under Rule 604(d) had been necessary, the appeals would have been dismissed instead of remanded. We concluded, as stated in *Dickerson*, compliance with Rule 604(d) is not required when motions are filed for the purpose of modifying or reconsidering sentences. The trial court's order denying the motion to modify is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.