THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY T. BULLARD, Defendant-Appellant.

Third District   No. 3—90—0869

Opinion filed January 10, 1992.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Gary T. Bullard, entered a blind plea of guilty to a charge of theft of over $300 (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)). The trial court thereafter sentenced him to an extended eight-year term of imprisonment. The defendant subsequently filed a "Motion to Withdraw Guilty Plea and Vacate the Judgment." Following a hearing, the court denied the motion. The defendant appeals.

The only argument the defendant raises on appeal is that this cause should be remanded to the trial court for a new hearing on his motion to withdraw his guilty plea because his trial counsel failed to fully comply with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The evidence relevant to this issue shows that following his sentencing, the defendant sent a note to the trial court asking for permission to withdraw his guilty plea. The court contacted the defendant's attorney about the request. Thereafter, defense counsel prepared the above-noted "Motion to Withdraw Guilty Plea and Vacate the Judgment." The only ground for withdrawal cited in the motion was the

assertion that the sentence was excessive. Defense counsel also filed a Rule 604(d) certificate stating that he had consulted with the defendant in person, had examined the trial court file, and had been informed by the defendant that he believed his sentence was excessive. At the hearing on the motion, defense counsel stated that the defendant had been properly admonished prior to pleading guilty and that the sole basis for filing the motion was to allege that the sentence was excessive.

The defendant now argues that his counsel erred in failing to review a transcript of the proceedings of his guilty plea hearing, as is required by Rule 604(d). We disagree.

Supreme Court Rule 604(d) states that before an appeal from a judgment entered on a guilty plea may be taken, the defendant, within 30 days of his sentencing, must file in the trial court a motion to withdraw his guilty plea and vacate the judgment. (134 Ill. 2d R. 604(d).) In preparing the motion to withdraw the guilty plea, defense counsel is required to file a certificate attesting to the fact that he has examined the trial court file and report of proceedings and has consulted with the defendant either by mail or in person to ascertain his contentions of error. (134 Ill. 2d R. 604(d).) The requirements of Rule 604(d) must be strictly met. *People v. Vickery* (1991), 207 Ill. App. 3d 574, 566 N.E.2d 495.

However, in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the Illinois Supreme Court held that when the defendant is only complaining about his sentence, it is sufficient if prior to appeal he files a motion attacking only the sentence. (*People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334.) Such a motion to reconsider the sentence gives the trial court the necessary opportunity to review the appropriateness of the sentence imposed and correct any errors made. It is not necessary for the defendant to ask for leave to withdraw the guilty plea itself. *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334; *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.

Based on this same reasoning, in *People v. Jordan* (1991), 209 Ill. App. 3d 983, 568 N.E.2d 988, we found no error where counsel failed to file a Rule 604(d) certificate along with a motion to reconsider sentence. We noted that a motion to reconsider sentence is fundamentally different from a motion to withdraw a guilty plea. The former seeks review of the sentence imposed, while the latter raises issues relating to the validity of the guilty plea. We held that since the motions are different and Rule 604 imposes no certificate requirement on a motion to reconsider the sentence, defense counsel was not required to file a certificate.

In this case, the only ground given for withdrawal of the guilty plea was that the sentence was excessive. Further, the Rule 604(d) certificate filed with the court reiterated that the defendant was only contesting his sentence. Finally, defense counsel stated at the hearing on the motion that the defendant had been properly admonished and that he was only contesting the sentence. Thus, although defense counsel titled the motion "Motion to Withdraw Guilty Plea and Vacate the Judgment," it is clear that it was in reality a motion to reconsider sentence. If we were to treat this motion as a motion to withdraw a guilty plea, we would be exalting form over substance.

Inasmuch as the defendant's mistitled motion was actually a motion to reconsider sentence, it did not require a Rule 604(d) certificate and counsel was not required to review the transcript of the guilty plea proceedings, since those proceedings had nothing to do with the length of the sentence imposed. We therefore find no error in counsel's failure to review the transcript or in the contents of his unnecessary Rule 604(d) certificate.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.