THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN OUTLAND, Defendant-Appellant.

Fifth District   No. 5—91—0215

Opinion filed April 2, 1992.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, John Outland, appeals from the denial of his motion for a free transcript of his sentencing hearing, to be used in preparing his motion to reduce sentence, following his guilty plea to a charge of aggravated criminal sexual abuse. He argues that Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) requires that he be provided with such a transcript and that, because he was denied the transcript, this cause must be remanded to the trial court for a new hearing on his motion to reduce sentence. We disagree.

On April 20, 1990, defendant was charged by information in the circuit court of Fayette County with the offense of aggravated criminal sexual abuse in that, on or about April 14, 1990, defendant, being the father of the victim who was under the age of 18 years, knowingly fondled the victim's breasts and put his mouth on her breasts for the purpose of his own sexual arousal, in violation of section 12—16(b) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(b)). A second count of the information charged defendant with the offense of battery in that on or about April 17, 1990, defendant, without legal justification, knowingly caused bodily harm to the same victim in that he hit her about the head with his hand in violation of section 12—3(a)(1) of the Code (Ill. Rev. Stat. 1989, ch. 38, par.

12—3(a)(1)). On August 15, 1990, the first count of the information was amended to reflect that the date of the offense was on or about April 12, 1990.

On September 19, 1990, defendant, through his court-appointed counsel, entered a negotiated plea of guilty to count I of the amended information. In return for defendant's guilty plea, the State agreed to dismiss count II of the information (battery) and to recommend a sentence of imprisonment not in excess of five years. Defendant would be allowed to argue for a lesser sentence. The court would not be bound by the State's recommendation and could impose a sentence in excess of five years. Aggravated criminal sexual abuse is a Class II felony, which carries a possible prison term of not less than three years and not more than seven years. Probation is an option. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—1.) Also, as part of the plea agreement, defendant's bond was to be continued subject to certain agreed-upon conditions. The defendant's plea was accepted by the court.

The cause came on for sentencing hearing on February 8, 1991. The State presented evidence and argument in aggravation. Defendant presented evidence and argument in mitigation. Defendant was permitted to submit a written statement in allocution and was also permitted to make a verbal statement in allocution. The court received and reviewed a presentence investigation report. Following hearing, the court sentenced defendant to a term of imprisonment of four years, followed by two years of mandatory supervised release.

On March 7, 1991, defendant filed a motion for a free transcript of the hearing on the presentation of his guilty plea and a free transcript of his sentencing hearing so that defendant could prepare a motion to withdraw his guilty plea. On that same date, defendant filed a "Motion for Leave to Withdraw Plea of Guilty and for Vacatur of Judgment." The motion included allegations of error only with respect to defendant's sentencing and not with respect to the presentation of his plea.

However, also on March 7, 1991, defendant filed a motion for leave to supplement his motion to withdraw his plea upon receipt of the transcripts of the hearings on the presentation of his plea and sentencing. Defendant's motion for a free transcript of the hearing on the presentation of defendant's plea was granted, and defendant did receive a copy of that transcript. Defendant's motion to withdraw his plea was supplemented with additional allegations of error which related to the presentation of his plea. Defendant's attorney filed a certificate pursuant to Supreme Court Rule 604(d) on March 21, 1991.

Defendant's motion to withdraw his plea came on for hearing on March 21, 1991. At this hearing, defendant renewed his motion for a free transcript of his sentencing hearing. The trial court denied this motion, finding that it was premature. The court pointed out that a defendant is not entitled to a transcript of his sentencing hearing until an appeal is taken. Because defendant is entitled as a matter of law to a transcript of the hearing on the presentation of his guilty plea, that motion had been granted. The parties and court agreed that defendant's original "Motion for Leave to Withdraw Plea of Guilty and for Vacatur of Judgment" constituted a motion for reduction of sentence. Defendant's original and supplemental motions to withdraw his guilty plea and for reduction of sentence were denied.

On appeal, defendant argues that the trial court erred in denying his motion for a free transcript of his sentencing hearing. Defendant argues that Supreme Court Rule 604(d) requires that an indigent defendant be provided with a free transcript of the hearings relating to his guilty plea, including his sentencing hearing. According to defendant, the circuit court's refusal to furnish the transcript was error which requires reversal of the trial court's denial of the motion to reconsider defendant's sentence and remand for further hearings on that motion.

▪ Supreme Court Rule 604(d) pertains to appeals by criminal defendants from judgments entered upon pleas of guilty. It provides that:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (134 Ill. 2d R. 604(d).)

If the defendant is found to be indigent and is unrepresented by counsel, the rule requires the appointment of counsel. The rule further provides that:

> "If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost." (134 Ill. 2d R. 604(d).)

Finally, Rule 604(d) requires that counsel file a certificate with the trial court stating that the attorney has consulted with the defendant to ascertain his contentions of error, has examined the trial court file and report of proceedings of the plea of guilty, and has made any necessary amendments to the motion. 134 Ill. 2d R. 604(d).

▪ It has been established that, where a defendant wishes only to challenge the sentence entered upon his plea of guilty, he need not

file a motion to withdraw his plea of guilty pursuant to Rule 604(d). (*People v. Wilk* (1988), 124 Ill. 2d 93, 110, 529 N.E.2d 218, 224.) Instead, the defendant need only file in the trial court a motion to reconsider the sentence. (*People v. Wallace* (1991), 143 Ill. 2d 59, 61, 570 N.E.2d 334, 335.) Furthermore, it has been held that, where a defendant challenges only the sentence entered upon his plea of guilty through a motion to reconsider that sentence, his attorney need not file the certificate required by Rule 604(d) when a motion to withdraw the guilty plea is filed. *People v. Grimes* (1992), 226 Ill. App. 3d 1029; *People v. Jordan*(1991), 209 Ill. App. 3d 983, 568 N.E.2d 988; *People v. Christy* (1991), 220 Ill. App. 3d 1029, 581 N.E.2d 421.

We are now asked to decide whether, where a defendant challenges only his sentence entered upon a plea of guilty through the filing of a motion to reconsider that sentence, Rule 604(d) requires that he be provided, at no cost, with a transcript of the sentencing hearing. Based upon the language of the rule itself, we find that it does not.

When a motion to withdraw a guilty plea is filed, Rule 604(d) requires that an indigent defendant be furnished, at no cost, with a copy of the transcript as provided in Supreme Court Rule 402(e) (134 Ill. 2d R. 402(e)). Supreme Court Rule 402 sets forth certain requirements with regard to hearings on pleas of guilty. One of those requirements, provided in paragraph (e), is that, in cases in which a defendant is charged with a crime punishable by imprisonment in a penitentiary, the proceedings required by Rule 402 be in open court, be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record. 134 Ill. 2d R. 402(e).

The proceedings required by Supreme Court Rule 402 are: that the trial court shall not accept a plea of guilty unless, in open court, the court has admonished the defendant with respect to the nature of the charge, the possible penalties, the defendant's right to plead not guilty or to persist in a plea of not guilty, and that, by pleading guilty defendant gives up his right to a jury trial and the right to confront witnesses; that the trial court shall not accept a plea of guilty without first determining in open court that the plea is voluntary and the terms of any plea agreement; and that the court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea. The rule allows the trial court to assist in, but not to initiate, plea agreements. 134 Ill. 2d R. 402.

It is these proceedings which paragraph (e) of Rule 402 requires be taken verbatim and, upon order of the trial court, transcribed, filed and made a part of the common law record. Rule 402 makes no men-

tion of procedures pertaining to sentencing hearings following guilty pleas and sets forth no requirements with respect to sentencing hearings following a guilty plea. The rule does not require that sentencing hearings following guilty pleas be taken verbatim or transcribed.

Because Rule 604(d) requires only that a defendant be furnished with the transcript as provided in Rule 402(e), and because Rule 402(e) requires reporting and transcribing only of hearings relating to the taking of the guilty plea and not to sentencing following the guilty plea, we find that defendant was not entitled to a transcript of his sentencing hearing.

We support our decision with reference to the *Jordan* case, already cited herein, and to *People v. Dickerson* (1991), 216 Ill. App. 3d 561, 575 N.E.2d 935. In both cases it was held that a motion to reconsider a sentence is fundamentally different from a motion to withdraw a guilty plea. *Jordan* held that since the two motions are different and Rule 604(d) imposes no attorney's certificate requirement on a motion to reconsider the sentence, counsel did not err in failing to file a certificate. (*Jordan*, 209 Ill. App. 3d at 986, 568 N.E.2d at 990.) In *Dickerson*, the court pointed out that, while Rule 604(d) requires the court to appoint counsel for a defendant who seeks to withdraw a guilty plea, if indigent, and to provide a transcript and a hearing, the rule is silent regarding challenges to sentences following either a guilty plea or a trial. *Dickerson*, 216 Ill. App. 3d at 564-65, 575 N.E.2d at 937.

■■ Supreme Court Rule 604(d) sets forth no requirements with respect to motions to reconsider sentences entered upon pleas of guilty. It sets forth requirements only with respect to motions to withdraw guilty pleas. As *Dickerson* points out, Rule 604(d) is silent regarding challenges to sentences following either a guilty plea or a trial. (216 Ill. App. 3d at 565, 575 N.E.2d at 937.) If Rule 604(d) does not require the filing of the attorney's certificate in the case of a motion to reconsider sentence, then similarly, it does not require that a defendant filing a motion to reconsider sentence be furnished, at no cost, with a transcript of his sentencing hearing. The trial court did not err in denying defendant's motion for a free transcript of his sentencing hearing.

We turn now to defendant's second issue on appeal: whether the trial court abused its discretion in sentencing defendant to four years' imprisonment where other sentencing alternatives were more fitting. Defendant argues that probation would have been the more appropriate and preferred disposition. Defendant alleges no error in sentencing other than that the sentence is excessive and does not properly

consider the defendant's rehabilitative potential, as required by the Illinois Constitution. Ill. Const. 1970, art. I, §11.

A trial judge's decisions in regard to sentencing are entitled to great deference and weight, and absent an abuse of discretion by the trial court, a sentence may not be altered upon review. (*People v. Plantinga* (1985), 132 Ill. App. 3d 512, 522, 477 N.E.2d 1299, 1306.) In order to modify a sentence within statutory limits, it must appear that the sentence imposed is a clear departure from the spirit and purpose of the fundamental law and the requirement of the constitution that the sentence be proportionate to the nature of the offense and measure possibilities for rehabilitation. (*Plantinga*, 132 Ill. App. 3d at 552, 477 N.E.2d at 1306.) Our supreme court has repeatedly emphasized the undesirability of a reviewing court substituting its judgment or preference as to punishment for that of the sentencing court. *Plantinga*, 132 Ill. App. 3d at 521-22, 477 N.E.2d at 1306.

We find that in the instant case the sentence imposed is within the statutory limits as well as within the terms of the plea agreement. We also find that the sentencing court considered the factors in mitigation as well as the factors in aggravation and adequately considered the defendant's rehabilitative potential as well as the seriousness of the offense.

The court found that to impose probation in the instant case would deprecate the seriousness of the defendant's conduct and would be inconsistent with the ends of justice. The court stated that, while it was not prepared to say that imprisonment was necessary for the protection of the public, the defendant's continued denial of commission of the offense even after pleading guilty, his real lack of remorse, and his obvious posing and dramatic sighs and inability to take responsibility for what he had done justified a sentence of imprisonment. We agree with the sentencing court that, where a defendant will not take responsibility for his actions, especially involving a crime such as is involved here, his potential for rehabilitation is severely reduced and limited. The sentencing court did find that defendant's imprisonment was necessary for the protection of the victim, the defendant's 17-year-old daughter. The court found that the victim had been harmed psychologically or emotionally by the defendant's conduct, despite the victim's testimony that she rarely thought of the sexual abuse and had put it behind her. The victim was undergoing counseling. The trial court expressed the factors it found in mitigation and aggravation.

■ We find all of the findings of the sentencing court to be supported by the record. Even at the sentencing hearing after having

pled guilty to the offense, defendant persisted in denying responsibility for the offense, instead blaming the victim for her "attitude." As we said, we find that the defendant's potential for rehabilitation is limited by his attitude.

We find no abuse of discretion in the trial court's refusal to grant probation to this defendant. We find that the sentence imposed takes into consideration both the defendant's potential for rehabilitation as well as the seriousness of the offense. The sentence imposed, four years' imprisonment, is not excessive and does not constitute an abuse of discretion. Accordingly, we affirm the judgment of the circuit court of Fayette County.

For the foregoing reasons, the judgment of the circuit court of Fayette County is affirmed.

Affirmed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.