THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BOBBY A. GRIMES, Defendant-Appellant.

Fifth District   No. 5—91—0587

Opinion filed April 3, 1992.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barry Vaughan, State's Attorney, of Fairfield (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On January 2, 1991, Bobby A. Grimes was charged in a four-count information with the offenses of home invasion and three counts of aggravated battery against three different victims. The charges arose from an incident which occurred on January 1, 1991, in which defendant and three other individuals entered the home of the victims and severely beat them with clubs.

On February 28, 1991, after reaching an agreement with defendant to plead guilty, the State charged defendant with the ad-

ditional offense of residential burglary and, in return for defendant's guilty plea to that charge, dismissed the other four counts of the information. The State agreed to recommend that the sentence of imprisonment not exceed 10 years; it was agreed that defendant could argue for a lesser sentence. Residential burglary, a Class I felony, carries a possible prison sentence of not less than 4 nor more than 15 years. Probation is not an option; impact incarceration is an option if the sentence imposed is not more than five years. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—1; Ill. Rev. Stat., 1990 Supp., ch. 38, par. 1005—8—1.1.) The circuit court of Wayne County accepted defendant's plea of guilty on that date and, after ordering a presentence investigation and report, set sentencing for May 2, 1991.

A sentencing hearing was held May 2, 1991. The trial court reviewed the presentence report and heard evidence in aggravation and mitigation and argument of counsel. The State argued that a 10-year sentence of imprisonment, the maximum allowed under the plea agreement, would be appropriate. Defendant's counsel argued for a sentence of five years' imprisonment with assignment to the impact-incarceration program. The circuit court of Wayne County sentenced defendant to a term of imprisonment of eight years.

On June 3, 1991, defendant, through his court-appointed counsel, filed a motion to reduce sentence alleging that the court had failed to properly consider the factors in mitigation, particularly that the defendant had no history of criminality and had a limited involvement in the crime for which he was sentenced, that the court was prejudiced against defendant, that defendant should have been sentenced to the impact-incarceration program and that defendant was prejudiced at his sentencing hearing by the State's presentation of evidence of defendant's guilt and the brutality of the crimes. This motion came on for hearing on August 1, 1991, and was denied that date.

Defendant filed his notice of appeal from the denial of his motion to reduce sentence on August 13, 1991. On appeal, defendant argues that this cause should be remanded to the trial court for further proceedings on his motion to reduce sentence because his trial counsel failed to file a certificate pursuant to Supreme Court Rule 604(d) stating that she had consulted with defendant to ascertain his contentions of error, had examined the court file and report of proceedings and had made any amendments to the motion necessary for adequate presentation of any defects in the proceedings.

Supreme Court Rule 604(d) pertains to appeals by criminal defendants from judgments entered upon pleas of guilty. It provides that

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *** Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." 134 Ill. 2d R. 604(d).

■■ In *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, our supreme court held that the filing of a Rule 604(d) motion to withdraw a guilty plea is mandatory and a prerequisite to appeal where a defendant alleges error in the entry of his plea and wishes to challenge his guilty plea. However, where a defendant wishes to appeal only from his sentence entered upon a plea of guilty, he need not file a motion to withdraw his plea. He need only file a motion to reconsider his sentence before the trial court in order to preserve the issues for appeal. The filing of a motion to reconsider sentence before the trial court is mandatory and is a prerequisite to an appeal from that sentence. *People v. Wallace* (1991), 143 Ill. 2d 59, 61, 570 N.E.2d 334, 335.

■■ Defendant in the instant case argues that, because the filing of a motion to reconsider sentence entered upon a guilty plea is necessary to preserve the right to appeal from that sentence, the filing of an attorney's certificate pursuant to Rule 604(d) is also necessary where a defendant seeks only review of his sentence imposed upon his guilty plea. Because his counsel failed to file the appropriate certificate, defendant argues, this cause must be remanded to the trial court for further proceedings on his motion to reduce sentence, including the filing of the appropriate certificate by his counsel.

Defendant is correct that where a defendant files a motion to withdraw his guilty plea pursuant to Rule 604(d), his counsel must

file the certificate required by that rule and the trial court cannot proceed on the motion in the absence of the certificate. Proceeding on the motion in the absence of the certificate constitutes reversible error and the cause will be remanded for the filing of a new motion and a new hearing. *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30; *People v. Hancock* (1991), 208 Ill. App. 3d 1092, 567 N.E.2d 633.

However, it has been repeatedly held that, where a defendant has filed only a motion to reconsider his sentence entered upon his plea of guilty, the filing of a Rule 604(d) certificate is not required. (*People v. Jordan* (1991), 209 Ill. App. 3d 983, 568 N.E.2d 988; *People v. Dickerson* (1991), 216 Ill. App. 3d 561, 575 N.E.2d 935; *People v. Christy* (1991), 220 Ill. App. 3d 1029, 581 N.E.2d 421.) No case has held that the Rule 604(d) certificate is required in cases where a defendant challenges only the sentence entered upon his plea of guilty.

In *People v. Jordan* (1991), 209 Ill. App. 3d 983, 568 N.E.2d 988, defendant, who pled guilty to a charge of forgery, filed a motion before the trial court to reconsider his sentence of five years' imprisonment. The motion was denied. Defendant appealed, arguing that he was entitled to a new hearing on his motion to reconsider sentence because his counsel had failed to file a certificate pursuant to Rule 604(d) stating that he had examined the record and consulted with defendant to determine his contentions of error. Defendant argued that because a motion to reconsider a sentence entered upon a guilty plea is so similar to a motion to withdraw a guilty plea, it should be accompanied by a Rule 604(d) certificate. The appellate court disagreed, stating:

> "A motion to reconsider a sentence is fundamentally different from a motion to withdraw a guilty plea. The former seeks review of the sentence imposed, while the latter raises issues relating to the validity of the guilty plea. [Citation.] Since the motions are different and Rule 604 imposes no certificate requirement on a motion to reconsider the sentence, we find that counsel did not err in failing to file a certificate." *Jordan*, 209 Ill. App. 3d at 986, 568 N.E.2d at 990.

In *People v. Dickerson* (1991), 216 Ill. App. 3d 561, 575 N.E.2d 935, defendant argued on appeal that he had been denied equal protection of the law because, while Supreme Court Rule 604(d) requires the filing of an attorney's certificate where a defendant seeks to withdraw his guilty plea, it does not require such a certificate where a defendant seeks only reconsideration of the sentence

entered upon his guilty plea. The certificate requires the attorney to certify that he reviewed the court file, consulted with his client and made any necessary amendments to the *pro se* motion. The appellate court acknowledged that Rule 604(d) does not require the filing of an attorney's certificate where a defendant seeks only reconsideration of the sentence entered upon his plea of guilty, pointing out that the Rule is silent regarding challenges to sentences following either a guilty plea or a trial. (*Dickerson,* 216 Ill. App. 3d at 565, 575 N.E.2d at 937.) However, the court held that this does not constitute a deprivation of equal protection.

> "A defendant withdrawing a guilty plea and a defendant seeking a sentence reduction are not similarly situated.
> * * *
> * * * The potential consequences of withdrawing a guilty plea are far greater than in challenging a sentence. A defendant who successfully seeks to withdraw a guilty plea may sacrifice the sentencing leniency of the trial court. 'A trial court is allowed discretionary leniency in the sentencing of a defendant who assumes responsibility for his conduct by pleading guilty.' (*People v. Sanchez* (1989), 189 Ill. App. 3d 1011, 1018, 546 N.E.2d 268, 273.) For these reasons, the State could rationally choose to treat such defendants differently by requiring a certificate of compliance by the attorney representing the defendant at a hearing on the motion to withdraw the plea." *Dickerson,* 216 Ill. App. 3d at 564-65, 575 N.E.2d at 937-38.

Finally, in *People v. Christy* (1991), 220 Ill. App. 3d 1029, 581 N.E.2d 421, the sole issue on appeal was whether a Rule 604(d) certificate is necessary when filing a motion to reconsider a sentence entered upon a guilty plea. The court concluded that, because a motion to withdraw a guilty plea is not necessary to challenge the sentence entered upon that plea, neither is the filing of a certificate pursuant to Rule 604(d) required to challenge a sentence entered upon a guilty plea.

It is true that we need not in all instances follow the decisions of the appellate courts of other districts. (*Stec v. Oak Park Police Pension Board* (1990), 204 Ill. App. 3d 556, 563, 561 N.E.2d 1234, 1238.) However, there are compelling reasons to do so where, as here, we have not previously decided the issue and there is no split of authority among the districts. (*People v. Ward* (1989), 192 Ill. App. 3d 544, 554, 548 N.E.2d 1120, 1127.) We agree with the deci-

sions of the other districts of our court on this issue, as well as the reasoning underlying their decisions.

Accordingly, we affirm the judgment of the circuit court of Wayne County denying defendant's motion to reduce his sentence entered upon his plea of guilty to the offense of residential burglary.

Affirmed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.