THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARTANIAN D. HOSKINS, Defendant-Appellant.

Third District   No. 3—92—0118

Opinion filed December 9, 1992.

Sherri Carr, of Kankakee, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island, and Basil G. Greanias, of Decatur (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Dartanian D. Hoskins, pled guilty to two counts of unlawful possession of a controlled substance with intent to deliver. One count was based on possession of at least 15 to less than 100 grams of a substance containing cocaine. The other count was based on possession of at least 100 to less than 400 grams of a substance containing cocaine. (Ill. Rev. Stat. 1991, ch. 56½, pars. 1401(a)(2)(A), (a)(2)(B).) Hoskins was subsequently sentenced to 10- and 15-year concurrent prison terms. Thereafter, he filed a motion to withdraw his guilty pleas for the purpose of appealing his sentences. The trial court denied the motion. Hoskins appeals.

Hoskins first asserts that because his counsel was ineffective, his guilty pleas were not voluntary. The only facts necessary for our determination of this issue are as follows. Subsequent to the imposition of sentence, Hoskins filed a pleading titled "Motion to Withdraw Plea

of Guilty for Purposes of Appealing Sentence." However, his defense counsel did not file the requisite certificate required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

Supreme Court Rule 604(d) provides that a defendant's attorney shall file with the trial court a certificate stating the attorney has consulted with the defendant to ascertain his contentions of error in the entry of the guilty plea, he has examined the trial court file and report of proceedings of the guilty plea, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. (134 Ill. 2d R. 604(d).) Rule 604(d) must be *strictly* followed. The failure to comply with Rule 604(d) results in the dismissal of the action. *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.

■ In the instant appeal, Hoskins' attorney failed to comply with Rule 604(d). Accordingly, we cannot address Hoskins' contentions of error concerning the voluntariness of his guilty pleas. Therefore, we dismiss this portion of his appeal.

Hoskins also argues that the 10- and 15-year sentences imposed by the trial court were excessive. We disagree.

Initially, we note that after Hoskins was sentenced, Rule 604(d) was amended by the Illinois Supreme Court (134 Ill. 2d R. 604(d), amended April 1, 1992, effective August 1, 1992). Amended Rule 604(d) specifically requires a defendant's attorney to file a certificate which indicates that he has consulted with the defendant concerning his contentions of error in the *sentence* or the guilty plea hearing. However, at the time Hoskins was sentenced, a certificate was not required to preserve sentencing issues. Instead, a defendant who pled guilty could preserve his sentencing issues by filing a motion to reconsider sentence. (*People v. Bullard* (1992), 223 Ill. App. 3d 541, 585 N.E.2d 630.) Because we find Hoskins' motion was essentially a motion to reconsider sentence, we will address his sentencing issues.

Hoskins specifically argues that his sentences were excessive because the trial court did not give adequate weight to mitigating factors such as his rehabilitative potential, his minimal criminal history, and his age. Hoskins also asserts the trial court improperly considered his profiting from the drug sales as a factor in aggravation.

■ Sentencing is a matter of judicial discretion, and, absent an abuse of that discretion by the trial court, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally

weighed. (*People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384.) When mitigating evidence is before the trial court, it is presumed the court considered the evidence absent some indication, other than the sentence itself, to the contrary. (*People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.) Although age is a factor to be considered when imposing sentence, the youth of the defendant does not overcome other aggravating factors, such as the nature of the crime. (*People v. Taylor* (1980), 80 Ill. App. 3d 1109, 400 N.E.2d 1007.) When a reviewing court can determine from the record that the weight placed on an improperly considered factor did not lead to a greater sentence, remandment is not required. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

Here, Hoskins was eligible for a 6- to 30-year term of imprisonment for the count based on the lesser amount of cocaine. He was also eligible for a term of imprisonment of between 9 and 40 years for possessing the greater amount. (Ill. Rev. Stat. 1991, ch. 56½, pars. 1401(a)(2)(A), (a)(2)(B).) Therefore, we find that his 10- and 15-year prison sentences were well within the proper statutory range.

Additionally, before imposing sentence, the trial judge noted all of the mitigating factors which Hoskins now claims the judge did not sufficiently consider. However, the judge also stated that Hoskins had been selling substantial quantities of drugs on numerous occasions before he was charged in the instant case. The judge stressed that a prison sentence over the minimum was warranted in order to deter others from this kind of conduct and to protect the public. The judge also found that this kind of offense causes and threatens to cause serious harm to others. The judge finally noted that Hoskins had to realize the harm that selling drugs causes to others. The judge reiterated most of these considerations at the hearing on Hoskins' motion to reconsider his sentence.

Based upon our review of the record, we find that the trial judge properly addressed the aggravating and mitigating factors before sentencing Hoskins. We find nothing in the record which leads us to conclude that the mitigating evidence warranted lighter sentences.

■ Finally, we need not address the question of whether the trial judge improperly considered receipt of compensation as an aggravating factor. The judge's reference to this factor was brief and made immediately before he imposed the sentences. It is clear from the trial judge's remarks at the sentencing hearing that this factor did not weigh substantially in his determination of the appropriate sentences. Moreover, we note the trial judge did not even mention this factor at the hearing on the motion to reconsider sentence. Under these cir-

cumstances, we cannot say that consideration of this factor led the trial judge to impose a greater sentence. Accordingly, we find the sentences imposed upon Hoskins by the trial court were not an abuse of discretion.

The judgment of the circuit court of Rock Island County is affirmed in part and dismissed in part.

Affirmed in part; dismissed in part.

SLATER and STOUDER, JJ., concur.