THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNY GILSON, Defendant-Appellant.

Third District   Nos. 3—92—0901 through 3—92—0903 cons.

Opinion filed July 7, 1993.—Rehearing denied August 9, 1993.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Johnny Gilson, appeals from the denial of his motion to reconsider his sentence. The defendant contends that the cause must be remanded for further post-trial proceedings because defense counsel failed to file a certificate with the trial court as required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). We disagree and dismiss.

The record shows that the defendant pled guilty to three counts of burglary, one count of felony theft, and two counts of misdemeanor theft. The trial court admonished the defendant and determined that the plea was voluntary. The defendant was then sentenced to concurrent terms of imprisonment of five years for each of the burglaries, two years for the felony theft, and 364 days for the misdemeanor thefts. Thereafter, defense counsel filed a motion to reconsider the sentences which the trial court denied.

Rule 604(d) requires that before an appeal may be taken from a judgment entered on a guilty plea:

"[t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the *sentence* or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. August 1, 1992.

We note that the above rule had been amended effective August 1, 1992, to include the requirement that defense counsel file a certificate which indicates that he has consulted with the defendant concerning his contentions of error in the *sentence* or the guilty plea hearing. Prior to the amendment, the rule was silent as to sentence errors.

Recently, this court stated in *People v. Hoskins* (1992), 237 Ill. App. 3d 897, 605 N.E.2d 117, that Rule 604(d) must be strictly followed and that the failure to comply with the Rule results in a dismissal of the action. (See also *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) *Hoskins* also stated that under the amended rule a certificate was necessary to preserve sentencing issues.

We note that while the *Hoskins* court addressed the sentencing issue presented to it even though no sentencing certificate had been filed, it did so only because at the time the defendant was sentenced the amended rule was not yet in effect. We are not faced with that problem in the case at hand since the defendant here was sentenced after the amended rule went into effect. As such, we find that defense counsel was subject to the requirements of the amended rule.

Here, the parties agree that defense counsel did not file a certificate as required by Rule 604(d). Therefore, in accordance with the strict compliance rules set forth in *Wilk* and *Hoskins*, we dismiss the defendant's appeal.

Dismissed.

McCUSKEY, P.J., and STOUDER, J., concur.