THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN PACKARD, Defendant-Appellant.

Second District    No. 2—92—1282

Opinion filed February 28, 1994.—Modified on denial of rehearing April 27, 1994.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Brian Packard, pleaded guilty to one count of aggravated criminal sexual assault and one count of aggravated kidnapping. He appeals from the trial court's denial of his motion to reconsider the sentence.

Originally, after pleading guilty, defendant filed two motions to withdraw his guilty pleas, but the motions were denied on May 11, 1989. On July 27, 1989, defendant was sentenced to concurrent terms of 45 years' imprisonment for aggravated criminal sexual assault and 15 years' imprisonment for aggravated kidnapping. Defendant appealed to this court, and on November 5, 1991, this court vacated the trial court's judgment because the trial court failed adequately to admonish defendant of the minimum and maximum sentences to which he could be sentenced. This court remanded the cause for further proceedings. (*People v. Packard* (1991), 221 Ill. App. 3d 295.) On remand, defendant once again pleaded guilty to aggravated criminal sexual assault and aggravated kidnapping. Defendant was sentenced to concurrent terms of 40 years' imprisonment for aggravated criminal sexual assault and 15 years' imprisonment for aggravated kidnapping. Defendant filed a timely motion to reconsider the sentence, which was denied on October 20, 1992. He has appealed to this court, raising as his sole issue whether his attorney's failure to file a certificate in accordance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) mandates that this cause be remanded for a new hearing on the motion to reconsider the sentence.

Defendant filed his motion to reconsider the sentence on September 16, 1992. Effective August 1, 1992, Supreme Court Rule 604(d) provided in part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." (145 Ill. 2d R. 604(d).)

Rule 604(d) further provides:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty,

and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (145 Ill. 2d R. 604(d).)

In *People v. Wilk* (1988), 124 Ill. 2d 93, 105, the Illinois Supreme Court held that Rule 604(d) establishes a condition precedent for an appeal from a guilty plea, and a defendant who wishes to withdraw the plea must first file a motion to withdraw the guilty plea and vacate the judgment. Later cases have followed the supreme court's lead and have determined that strict compliance with the requirements of Rule 604(d) is mandated. Specifically, this court in *People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171, held that defense counsel must file a Rule 604(d) certificate as a condition precedent to a hearing on defendant's motion to withdraw his plea of guilty and to vacate the judgment. In this case, however, defendant did not seek to withdraw his guilty plea and vacate the judgment. He only sought reconsideration of the sentence imposed. We must determine whether, as defendant argues, a defense attorney must file a certificate of compliance with Rule 604(d) when defendant only seeks reconsideration of his sentence.

This exact issue has been raised and answered in the negative under Rule 604(d) prior to its most recent amendment. The courts considering the issue have held that where a defendant has filed only a motion to reconsider the sentence entered upon a plea of guilty, the filing of a Rule 604(d) certificate is not required. *People v. Grimes* (1992), 226 Ill. App. 3d 1029, 1033; *People v. Christy* (1991), 220 Ill. App. 3d 1029, 1030; *People v. Dickerson* (1991), 216 Ill. App. 3d 561, 565 (it is not a violation of equal protection to require a certificate of compliance where a defendant seeks to withdraw his guilty plea but not to require a certificate of compliance where a defendant only seeks review of his sentence); *People v. Jordan* (1991), 209 Ill. App. 3d 983, 986.

Supreme Court Rule 604(d), before its most recent amendment provided:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (134 Ill. 2d R. 604(d).)

Whereas the old version of Rule 604(d) did not mention motions to reconsider sentences, the new language in effect when the instant defendant filed a motion to reconsider his sentence now specifically requires that defendant's attorney file a certificate of compliance with Rule 604(d). Notably, the rule has been changed not only to embody the supreme court's ruling that the filing of a motion to reconsider is a prerequisite to an appeal from that sentence after a guilty plea (*People v. Wallace* (1991), 143 Ill. 2d 59, 60), but also to require a certificate of compliance where a defendant challenges only his sentence. The rule clearly requires that defense counsel certify that he has consulted with defendant either by mail or in person to ascertain his contentions of error in the sentence. We also read Rule 604(d) to impose a requirement that defense counsel certify that he has examined the trial court file and the report of proceedings of the guilty plea and has made any amendments to the motion necessary for adequate presentation of any defect in those proceedings if he is only challenging the sentence. This construction is consistent with the plain language of Rule 604(d) and its purposes as set forth in *People v. Wilk* (1988), 124 Ill. 2d 93. In this case, defense counsel was required to file a certificate of compliance to state that he consulted with defendant to ascertain contentions of error and that he has examined the trial court file and the report of proceedings of the guilty plea and has made any amendments to the motion necessary for adequate presentation of any defect in those proceedings. The failure of counsel to so certify requires that we remand this cause for further proceedings.

The State has argued that even if defense counsel should have filed a certificate, the remedy for defense counsel's failure to file a certificate of compliance would be dismissal of the appeal, rather than a remand for a new hearing. This argument has been considered and rejected in the interim since the State filed its brief. In *People v. Janes* (1994), 158 Ill. 2d 27, 33, the court affirmed that the procedure for noncompliance with the Rule 604(d) requirement that counsel file a certificate is to remand the cause to the trial court for a new motion and hearing.

The State also argues that the record adequately shows compliance where counsel orally represented that he had spoken to his client before filing the motion to reconsider. This argument was rejected by this court in *People v. Davis* (1994), 255 Ill. App. 3d 647, 648-49.

For the foregoing reasons, we reverse the judgment of the circuit court of Lake County and remand the cause with directions. Defendant shall be allowed to file a new motion to reconsider his sentence and shall be allowed a new hearing on the motion. The circuit court

shall require that defense counsel comply fully with Rule 604(d) in accordance with the views expressed herein before proceeding to a hearing on the motion, and this compliance shall be shown in the record.

Reversed and remanded with directions.

DOYLE and COLWELL, JJ., concur.